UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALPHONSO CHURCHWELL, JR.,

    Petitioner,

v.                                       Case No: 2:16-cv-512-FtM-29CM
                                            Case No. 2:03-CR-118-FTM-29CM

UNITED STATES OF AMERICA,

    Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #45)[1]. The government filed a Motion to Dismiss the Movant's 2255 Motion in Light of *Beckles v. United States* (Cv. Doc. #14) on May 15, 2017. This motion seeks dismissal of the § 2255 motion on various grounds and, alternatively, denial of the motion on the merits. Petitioner filed a Response (Cv. Doc. #15) on May 30, 2017, asserting that there was no proper basis to dismiss the § 2255 motion, but conceding that binding precedent was against his substantive arguments. While some of the procedural issues may

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

be debatable, current Eleventh Circuit precedent forecloses the relief petitioner requests. Therefore, petitioner's Motion Under 28 U.S.C. Section 2255 will be dismissed without prejudice, and alternatively denied on the merits.

**I.**

On October 20, 2003, after petitioner signed a Waiver of Indictment (Cr. Doc. #2), the United States Attorney filed an Information (Cr. Doc. #1) charging petitioner with possession with intent to distribute 5 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 18 U.S.C. § 2. On October 27, 2003, pursuant to a Plea Agreement (Cr. Doc. #6), petitioner pled guilty to Count One of the Information, which carried a mandatory minimum of 5 years to a maximum of 40 years imprisonment. The plea was accepted and petitioner was adjudicated guilty. (Cr. Doc. #13.)

Petitioner was sentenced on March 1, 2004. The November 1, 2002 version of the United States Sentencing Guidelines (USSG) were applied to alleviate any *ex post facto* concerns. (Cr. Doc. #38, p. 8, ¶ 3.) Petitioner's Base Offense Level was a 32 because the offense involved at least 50 grams but less than 150 grams of cocaine base, otherwise known as crack cocaine. (Id., p. 12, ¶ 25.) Petitioner's Total Offense Level, after an adjustment for acceptance of responsibility, was a 29. (Id., p. 12, ¶ 33.)

Petitioner was found to be a career offender, as defined in United States Sentencing Guidelines Manual (USSG) § 4B1.1 (2002), because he was 26 years old when he committed the offense in this case, the offense of conviction was a felony controlled substance offense, and petitioner then had at least two prior felony convictions for either a crime of violence or a controlled substance offense.  The prior Florida felonies were: (1) the sale or delivery of a controlled substance within 1000 feet of a school in Lee County, Florida; (2) resisting an officer with violence in Lee County, Florida; and (3) aggravated fleeing or attempting to elude causing injury, or an aggravated assault on an officer in Charlotte County, Florida (counted as a single offense for career offender purposes).  (Id., p. 13, ¶ 34.)

After the career offender enhancement was applied, petitioner's Enhanced Offense Level was a 31.  (Id., p. 13, ¶37.) As a career offender, petitioner was a Criminal History Category VI (id., p. 21, ¶¶ 52, 53), and his resulting Sentencing Guideline range was 188 to 235 months of imprisonment (id. p. 27, ¶ 78). Petitioner asserts that had he not been a career offender, his Sentencing Guidelines range would have been 151 to 188 months imprisonment.  (Cv. Doc. #15, p. 2.)  Petitioner was sentenced to a term of 188 months of imprisonment, followed by a term of supervised release and the permanent denial of federal benefits.

(Cr. Docs. ## 14, 15.) A sentence within the Sentencing Guidelines was mandatory because the sentence was imposed prior to United States v. Booker, 543 U.S. 220 (2005).

Petitioner appealed his sentence, arguing that he was unaware that he would be sentenced as a career offender, that his counsel informed him that he would not be sentenced as a career offender, and that the Court did not advise him that he was subject to the enhancement as a career offender. (Cr. Doc. #32, p. 3.) Finding the issue had not been raised before the district court and there was no plain error, the Eleventh Circuit affirmed the sentence on December 1, 2004. United States v. Churchwell, 125 F. App'x 981 (11th Cir. 2004) (Table). Petitioner did not seek a writ of certiorari.

## II.

On June 27, 2016, petitioner, through appointed counsel, filed his habeas petition under Section 2255 raising one issue:

> Mr. Churchwell was sentenced in 2004 pursuant to the then-mandatory sentencing guidelines as a career offender based, in part, on the career offender crime-of-violence residual clause. The career offender residual clause and the ACCA residual clause are identically worded. Since the ACCA residual clause has been deemed unconstitutionally vague, it follows that the career offender residual clause is also unconstitutionally vague. The application of the career-offender residual clause under the mandatory-guideline regime required the district court to impose a higher

> sentence than it otherwise would have. Thus, Mr. Churchwell was denied due process[.]

(Cv. Doc. #1, p. 4.) Petitioner relies upon Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague. Johnson was made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016).

**A. Timeliness of Motion**

The United States argues that the §2255 motion, filed nearly twelve years after petitioner's conviction became final, is untimely. (Cv. Doc. #14, p. 3.) Petitioner responds that his motion is timely under 28 U.S.C. § 2255(f)(3), which provides that the one year statute of limitation period "shall run from the latest of-- . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. . . ." 28 U.S.C. § 2255(f)(3). Petitioner asserts that his motion is timely because it was filed within one year of Johnson. (Cv. Doc. #15, pp. 3-9.)

While the motion was filed within one year of Johnson, it fails to satisfy the requirements of § 2255(f)(3). The newly recognized right created by Johnson was the unconstitutionality of the residual clause of the ACCA. Nothing in petitioner's case

relates to the residual clause of the ACCA. The right petitioner is asserting is different. Petitioner asserts that the residual clause in the career offender provision of the then-mandatory Sentencing Guidelines is unconstitutional. No Supreme Court case has yet recognized such a right, nor made it retroactive. The only relevant case is Beckles v. United States, 137 S. Ct. 886 (2017), which held that the *advisory* Sentencing Guidelines are *not* subject to a Johnson constitutional challenge for vagueness. While the parties dispute the impact of Beckles, it is clearly not a decision which recognizes the right asserted by petitioner in his motion, as petitioner concedes ("Beckles did not address the issue of whether Johnson applied to those defendants, such as Mr. Churchwell, who were sentenced under the mandatory sentencing guidelines" (Cv. Doc. #15, p. 1); "Beckles left open the issue of whether Johnson retroactively applies to the mandatory sentencing guidelines" (id. at p. 4)). Accordingly, the motion is untimely and must be dismissed without prejudice.

**B. Cognizability of Claim**

The United States argues that petitioner's claim is not cognizable under § 2255. (Cv. Doc. #14, pp. 7-10.) The Court agrees.

Although a prisoner "may challenge a sentencing error as a 'fundamental defect' on collateral review when he can prove that

he is either actually innocent of his crime or that a prior conviction used to enhance his sentence has been vacated," a challenge to petitioner's status as a career offender under the Sentencing Guidelines is not cognizable in a § 2255 motion unless the sentence exceeds the statutory maximum. Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) (explaining that "erroneously designating a defendant as a career offender" is not cognizable in a § 2255 motion because it is "not a fundamental defect that inherently results in a complete miscarriage of justice"). See also Bell v. United States, 688 F. App'x 593, 594 (11th Cir. 2017). The sentence in this case did not exceed the statutory maximum, petitioner does not assert he is actually innocent of the offense of conviction, and none of petitioner's prior convictions at issue have been vacated. Therefore, petitioner's claim is not cognizable under § 2255, and the motion must be dismissed without prejudice on this ground.

**C. Procedural Default**

The United States argues that the claim is procedurally defaulted. (Cv. Doc. #14, pp. 10-13.) Again, the court agrees.

The Eleventh Circuit has recently summarized the procedural default rules in the § 2255 context as follows:

> To obtain collateral relief based on trial errors that were not objected to at the trial or raised on direct appeal, a defendant must show both cause that excuses his double

procedural default and actual prejudice resulting from the errors of which he complains. <u>United States v. Frady</u>, 456 U.S. 152, 167–68 (1982). Alternatively, a defendant may obtain collateral relief despite a procedural default by establishing a fundamental miscarriage of justice. <u>Mills v. United States</u>, 36 F.3d 1052, 1055 (11th Cir. 1994).

Cause for a procedural default exists if some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule. <u>Reece v. United States</u>, 119 F.3d 1462, 1465 (11th Cir. 1997). "[A] claim that is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default." <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998) (quotation omitted). "However, the question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was available at all." <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001) (quotation omitted).

To establish a fundamental miscarriage of justice, a defendant must "show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995) (quotation omitted). The defendant must show that it is more likely than not that no reasonable juror would have convicted him in light of new evidence. <u>Id.</u> To be credible, a claim of actual innocence must be based on new, reliable evidence that was not presented at the trial. <u>Id.</u> at 316, 324 (stating that, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice").

McDuffie v. United States, 16-14147-D, 2017 WL 6606916, at *5 (11th Cir. Oct. 31, 2017).

Petitioner asserts he can show cause and prejudice, which defeats any procedural default. (Cv. Doc. #15, pp. 9-10.) As cause, petitioner asserts that the legal basis for the claim was not reasonably available at the time of the direct appeal. As prejudice, petitioner states that there is a reasonable probability that the result of the sentencing proceedings would have been different.

The Court finds that petitioner's claim is procedurally defaulted. Petitioner failed to challenge the predicate convictions supporting his career offender status at the trial court, or on direct appeal. The challenge petitioner attempts to raise here was available at the time of the direct appeal, and needed no further factual development. While the claim may have been difficult to prevail upon, it was not so novel as to be unavailable under Reed v. Ross, 468 U.S. 1, 12 (1984) ("the novelty of a constitutional issue" can give rise to cause for failure to raise the issue). The Court accepts that a potential increase in a sentence of imprisonment can constitute prejudice. Glover v. United States, 531 U.S. 198 (2001). The Court concludes that petitioner has not shown cause for failing to raise the issue on direct appeal, and petitioner has not asserted actual innocence.

**D. Merits**

Even if the claim is timely, cognizable, and not procedurally defaulted, it is alternatively precluded by current Eleventh Circuit law.

### (1) Application of Johnson to the Mandatory Sentencing Guidelines

In Beckles, the United States Supreme Court held that Johnson did not apply to the advisory Sentencing Guidelines. Beckles, 137 S. Ct. at 894 (2017). The Eleventh Circuit has held that Johnson also does not apply to the mandatory guidelines. In re Griffin, 823 F.3d 1350 (11th Cir. 2016). Other panels of the Eleventh Circuit have, of course, followed that decision. Prosser v. United States, No. 16-16013-E, 2017 WL 4678152, at *2 (11th Cir. Apr. 26, 2017); In re Sams, 830 F.3d 1234, 1240 (11th Cir. 2016); In re Sapp, 827 F.3d 1334, 1336 (11th Cir. 2016); In re Williams, 826 F.3d 1351, 1355 (11th Cir. 2016). None of these cases have been overruled by the Supreme Court.

### (2) Alternative Application of Johnson To Mandatory Guidelines

If the § 2255 motion is timely, cognizable, not procedurally defaulted, and Johnson applies to the mandatory pre-Booker version of the Sentencing Guidelines, the Court finds no basis to grant

relief under current Eleventh Circuit precedent. Therefore, the § 2255 motion will be denied alternatively on the merits.

"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2002). The term "crime of violence":

> means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> **(1)** has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> **(2)** is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S. Sentencing Guidelines Manual § 4B1.2(a) (2002).[1] Under Application Note 1, murder, manslaughter, kidnapping, aggravated

---

1 Under the current November 1, 2017 guidelines, subsection (2) states: "murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c)." United States Sentencing Guidelines Manual §

- 11 -

assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling were also included in the definition of "crime of violence."  U.S. Sentencing Guidelines Manual § 4B1.2(a) cmt. n.1 (2002).

Petitioner was found to be a career offender, within the meaning of USSG § 4B1.1, because he was 26 years old when he committed the offense in this case, the offense of conviction is a felony controlled substance offense, and petitioner had at least two prior felony convictions of either a crime of violence or a controlled substance offense at the time of the instant offense. The prior felonies were: (1) the sale or delivery of a controlled substance within 1000 feet of a school in Lee County, Florida; (2) resisting an officer with violence in Lee County, Florida; and (3) aggravated fleeing or attempting to elude causing injury, or alternatively (4) an aggravated assault on an officer in Charlotte County, Florida.  (Cr. Doc. #38, p. 13, ¶ 34.)

Petitioner does not challenge the prior drug conviction, but challenges the other convictions.  Thus, only one of these challenged offenses needs qualify as a crime of violence to support the career offender enhancement.

---

4B1.2(2) (2017).

### *(a) Resisting an Officer With Violence*

The Eleventh Circuit has found that the Florida offense of resisting an officer with violence categorically includes an element of violence in the offense, and therefore qualifies as a violent felony under the elements clause of the ACCA. United States v. Hill, 799 F.3d 1318, 1322 (11th Cir. 2015). This applies equally to the identically worded elements clause under the career offender guidelines. United States v. Fritts, 841 F.3d 937, 940 (11th Cir. 2016). Since there is no need to resort to the residual clause, there can be no Johnson violation.

### *(b) Aggravated Fleeing and Attempted Eluding Causing Injury*

The Eleventh Circuit has also determined that the Florida felony fleeing and attempted eluding statute continues to be a crime of violence. United States v. Martin, 864 F.3d 1281 (11th Cir. 2017). Since there is no need to resort to the residual clause, there can be no Johnson violation.

### *(c) Aggravated Assault*

The Florida aggravated assault conviction categorically includes an act of violence and qualifies as a crime of violence under the elements clause. Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1338 (11th Cir. 2013); Dixon v. United States, 588 F.3d 918 (11th Cir. 2014). The Eleventh Circuit has stated that

Turner remains binding precedent, even after Descamps[2] and Mathis[3], therefore aggravated assault qualifies as crime of violence. United States v. Golden, 854 F.3d 1256 (11th Cri. 2017); United States v. Kelly, 697 F. App'x 669, 670 (11th Cir. 2017).

As the career offender enhancement was supported by at least two qualifying felonies, the motion is denied.

Accordingly, it is hereby

**ORDERED:**

The Government's Motion to Dismiss the Movant's 2255 Motion in Light of *Beckles v. United States* (Doc. #14) is **GRANTED** and the Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #45) is **DISMISSED** as untimely, not cognizable, and procedurally barred; or in the alternative, **DENIED** on the merits.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas

---

[2] Descamps v. United States, 570 U.S. 254 (2013).

[3] Mathis v. United States, 136 S. Ct. 2243 (2016).

corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___11th___ day of January, 2018.

／s／ John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
AUSA